UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT MARTIN,

       Plaintiff,

  v.

DOCTOR HARLAN, D.O., et al.,

       Defendants.

Case No. 2:14-cv-1553
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's September 19, 2014 Report and Recommendation (ECF No. 2) and Plaintiff Robert Martin's objections to the Report and Recommendation (ECF No. 5). The Court, having reviewed the record *de novo*, finds that Plaintiff's objections to the Report and Recommendation are without merit. Accordingly, the Court **OVERRULES** Martin's objections and **ADOPTS** the Report and Recommendation.

I.

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the [M]agistrate [J]udge's disposition to which specific written objection has been made ...." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate

1

judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec. of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Martin's motion to proceed *in forma pauperis*. (ECF No. 1.) As the Magistrate Judge correctly noted:

> [u]nder that portion of the Prison Litigation Reform Act codified at 28 U.S.C. § 1915, the so-called 'three strikes' rule, a prisoner may not bring a suit *in forma pauperis* if that prisoner 'has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.'

(ECF No. 2 at 1-2) (italics added). The Magistrate Judge continued, stating that "[Plaintiff] is not entitled to proceed *in forma pauperis* and to pay the filing fee in installments unless he can demonstrate that he meets the 'imminent danger' requirement of § 1915(g)." (*Id*. at 2.) Pursuant to § 1915, the Magistrate Judge found that, if Martin could not meet the "imminent danger" requirement, he should be directed to submit the entire $400.00 filing fee. (*Id*. at 2.) The Magistrate Judge determined that Martin's complaint, despite raising several issues, fails to assert that he is in imminent danger. Rather, the majority of his complaint seems to "arise from his belief that Dr. Harlan is treating certain medical conditions differently than doctors in other institutions had." (*Id*. at 2.)

2

Recognizing that the Sixth Circuit has found that the denial of medical treatment, as well as the failure to treat chronic pain, can satisfy the imminent danger requirement, the Magistrate Judge determined that Martin did not set forth facts that show that "his serious physical injury is imminent as a result of defendants' alleged indifference to his serious medical needs." (*Id*. at 2-3).  The Magistrate Judge considered Martin's assertions about his alleged lack of medical care, and found that, for each allegation made, Martin failed to explain how that allegation resulted in harm. (*Id*. at 3.)  Moreover, the basis for each of Martin's claims about his medical issues is Martin's disagreement with the opinions of the prison's medical staff. (*Id*. at 4.)   The Magistrate Judge determined that Martin's allegations failed to satisfy the requirements of 28 U.S.C. § 1915(g), and further found that Martin should be directed to submit the entire $400.00 filing fee before this action can proceed further.

III.

Following the filing of his objections, Martin filed an amended complaint.  (ECF No. 8.) This Court has the discretion to allow Martin to amend his complaint.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that "under Rule 15(a) a district court *can* allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA") (emphasis added); *see also Gunther v. Castineta*, 561 F. App'x  497, 499 (6th Cir. 2014).  Considering Martin's amended complaint, this Court does not find that he has demonstrated that he is in imminent danger.  Though the amended complaint includes different accusations than the original complaint, Martin again lists various alleged medical conditions without making clear how those issues result in the risk of imminent danger.  Thus, like the

3

Magistrate Judges's conclusion regarding the original complaint, this Court finds that the amended complaint does not meet the requirements of 28 U.S.C. § 1915(g).

IV.

Martin's objections focus mainly on his allegedly life-threatening health issues.  Much like his approach in the filing of each amended complaint (ECF Nos. 8, 9, 10, 11), Martin uses his objection as another opportunity to set forth new claims.  Martin's primary objections seem to be that he did not consent to the Magistrate Judge's jurisdiction and that the Magistrate Judge's denial of pauper status is contrary to law.

The Court does not find Martin's objections to set forth any arguments that warrant rejecting the Magistrate Judge's Report and Recommendation.  Magistrate Judges are granted jurisdiction pursuant to 28 U.S.C. § 636 and the Local Rules of the United States District Court for the Southern District of Ohio 72.1, 72.2, and 72.3.  Such jurisdiction is not contingent upon a prisoner's consent.  Thus, Martin's objection to the Magistrate Judge's jurisdiction is meritless.

Martin next argues that the Magistrate Judge "lacks authority" to deny Martin pauper status.  (ECF No. 5 at 2.)  The purpose of this Order is to adopt or reject the Magistrate Judge's Report and Recommendation, in turn granting or denying Martin's ability to proceed *in forma pauperis*.  Martin's objection regarding the Magistrate Judge's purported denial of pauper status is, therefore, not well taken.  Accordingly, this Court overrules Martin's objections to the Report and Recommendation.

V.

The Court has conducted a *de novo* review of Martin's complaints and agrees with the

4

Magistrate Judge that Martin has failed to show that he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915.  As such, the Court **OVERRULES** Martin's objections (ECF No. 5) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 2). Accordingly, Martin's motion to proceed *in forma pauperis* is **DENIED**.  (ECF No. 1.)  Should Martin wish to proceed in this action, he must pay the $400.00 filing fee within **30 days**.  If he fails to do so, this action shall be dismissed.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE